David M. Ring (SBN 151124)
James W. Lewis (SBN 207599)
TAYLOR & RING
1230 Rosecrans Avenue, Suite 360
Manhattan Beach, CA 90266
Tel: (310) 209-4100
Fax: (310) 208-5052
Email: lewis@taylorring.com

Olivier A. Taillieu (SBN 206546)
THE DOMINGUEZ FIRM
3520 Wilshire Blvd., Suite 2200
Los Angeles, CA 90010
Tel: (213) 388-7788
Fax: (213) 388-9540
Email: otaillieu@dominguezfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH C., an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>XAVIER AGUIRRE, an individual; and Does 1 to 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. 8:20-cv-00457<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Civil Rights Action<br>　 (42 U.S.C. § 1983)<br>2. Substantive Due Process<br>　 (42 U.S.C. § 1983)<br>3. Supervisory Liability<br>　 (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT FOR DAMAGES**

Plaintiff Ruth C., for her Complaint against Defendants Xavier Aguirre ("Aguirre") and Does 1-10, inclusive, alleges as follows:

## INTRODUCTION

1. While employed as an officer with the California Highway Patrol, Xavier Aguirre sexually assaulted Plaintiff both during the course of a traffic stop and then later that night outside her home.

2. This civil rights action seeks redress from Defendant Aguirre for violating Plaintiff's rights under the United States Constitution. Accordingly, this case is in the public interest.

## PARTIES

3. At all relevant times, Plaintiff Ruth C. ("Plaintiff") is and was a resident of the County of Orange, State of California. Plaintiff is a victim of sexual battery, and therefore her last name is not disclosed in this complaint.

4. At all relevant times, Defendant Aguirre is and was an officer for the California Highway Patrol and was acting under color of law and within the course and scope of his duties as an officer for the California Highway Patrol and with the complete authority and ratification of the State of California.

5. At all relevant times, Defendants Does 1-10 were employees of the State of California and the California Highway Patrol. The true names of Does 1-10 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Each of the fictitiously-named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

6. Defendant Aguirre is directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983, and is sued in his individual capacity for damages only. The State of California has a duty to indemnify Aguirre for his conduct pursuant to Cal. Govt. Code Section 825, et al.

## JURISDICTION AND VENUE

7. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. This Court has

jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Orange, State of California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 8 of this Complaint with the same force and effect as if fully set forth herein.

10. On April 6, 2018, Plaintiff was the front-seat passenger in a vehicle being driven southbound on Interstate 5 in the city of Santa Ana, California. Defendant Aguirre, a California Highway Patrol officer, stopped the vehicle while in his marked patrol vehicle. Aguirre pulled over the vehicle under the guise of the vehicle having expired license plates. During this stop, Aguirre was in uniform and as a police officer with the California Highway Patrol.

11. After he pulled over the vehicle, Aguirre exited his patrol vehicle and instructed Plaintiff to exit the vehicle so that he could perform a "pat down" search. Plaintiff complied with his request.

12. Defendant Aguirre then proceeded to sexually assault Plaintiff, by groping her vagina, genital area, and her breasts. These heinous acts were performed against Plaintiff's will and without her consent. After the sexual assault, Aguirre allowed Plaintiff and her co-occupant to leave the scene.

13. Then, later that night at approximately 8:30 p.m., Defendant Aguirre showed up at Plaintiff's front door unannounced. Aguirre was in his California Highway Patrol uniform with his duty belt, which included his service weapon and baton. Aguirre had obtained Plaintiff's address during the traffic stop and had then showed up at her home with the intent to sexually assault her again.

14. Defendant Aguirre directed Plaintiff to follow him to his marked patrol vehicle, where he instructed her to put her hands on her head and spread her legs. Aguirre then unbuckled Plaintiff's belt and touched her breasts and genital area,

including her vagina, with his bare hands. He only stopped assaulting her because he observed a private citizen in the area. The aforementioned acts were performed against Plaintiff's will and without her consent.

15. Before leaving, Defendant Aguirre told Plaintiff that he would be back to her home the following week, implying that he would be back to sexually assault her again.

## FIRST CAUSE OF ACTION
### Civil Rights Action (42 U.S.C. § 1983)
(Against Xavier Aguirre and Does 1-10)

16. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. When Defendant Aguirre sexually assaulted Plaintiff and engaged in the conduct described above, he violated Plaintiff's constitutional rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

18. The sexual abuse of Plaintiff by Defendant Aguirre was unreasonable, unjustified, and offensive to human dignity.

19. As a result of the conduct of Defendant Aguirre, Plaintiff was harmed.

20. Plaintiff brings this claim individually and seeks compensatory damages as well as attorneys' fees pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
### Substantive Due Process (42 U.S.C. § 1983)
(Against Xavier Aguirre and Does 1-10)

21. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.
///

4

COMPLAINT FOR DAMAGES

23. The aforementioned actions of Defendant Aguirre, along with other undiscovered conduct, shock the conscience, in that he acted with deliberate indifference to the constitutional rights of Plaintiff.

24. The actions of Defendant Aguirre violated the substantive due process rights of Plaintiff.

25. As a result of Defendant Aguirre's actions, Plaintiff was harmed.

26. Plaintiff brings this claim individually and seeks compensatory damages as well as attorneys' fees pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

### Supervisory Liability (42 U.S.C. § 1983)

(Against Does 1-5)

27. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth herein.

28. Does 1-5 acted in a supervisory capacity and under color of state law.

29. The acts and failure to act of Does 1-5 were a cause of the sexual assault of Plaintiff and other conduct by Xavier Aguirre, which deprived Plaintiff of her particular rights under the Fourth, Eighth and Fourteenth Amendments, as alleged above.

30. Does 1-5 knew that their subordinate Xavier Aguirre was engaging in conduct in violation of written policy and knew or reasonably should have known that their conduct would deprive the Plaintiff of these rights.

31. The known or obvious consequences of training deficiencies and the failures to enforce written policies would be to cause subordinates like Xavier Aguirre to violate the Plaintiff's constitutional rights.

32. Does 1-5 disregarded this consequence.

33. These training deficiencies and the failures to enforce written policies resulted in the deprivation of Plaintiff's rights by Xavier Aguirre.

34. Plaintiff brings this claim individually against Does 1 through 5 and seeks compensatory damages as well as attorneys' fees under 42 U.S.C. section 1988.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ruth C. prays for relief and requests entry of judgment in her favor and against Defendant Xavier Aguirre as follows:

    A.    For compensatory damages in an amount to be proven at trial;

    B.    For interest;

    C.    For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988.

    D.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: March 6, 2020                    TAYLOR & RING

By: _____
David M. Ring
James W. Lewis
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: March 6, 2020                             TAYLOR & RING

By: _____
David M. Ring
James W. Lewis
Attorneys for Plaintiff